The opinion of the Court was delivered- by
O’Neall, C. J.
It seems to me that the rule settled by the Court of Equity in Butler vs. Jennings, 8 Rich. Eq. 91, is decisive of this case. The Court there say: “ So long as the judgment of the Ordinary remained unreversed, the executor was entitled to be reimbursed all the necessary expenses incurred by him in sustaining the judgment.”
The Ordinary had, both in common and solemn form, admitted the will to probate. His judgment stood unreversed until after the trial at law.
The verdict, on a very doubtful state of facts, found against the will, and was allowed to stand more as a finding upon the facts than any thing else. The defendant was right in attempting to sustain the will. The allegations of fraud in the bill, on the part of the executor, are, I think, altogether unsustained. When the verdict was found against the will, he had discharged his duty; and costs incurred after that must be charged upon him.
But I think he ought to be allowed all his costs until after the verdict was rendered. It is therefore ordered that the Chancellor’s decree, dissolving the injunction and dismissing the bill, be reversed; and that the Commissioner do ascertain and report the costs of the complainant to the rendition of the verdict, and that the amount thereof be reimbursed to him out of the testator’s estate.
Wardlaw, J., concurred.

Decree reversed.